FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 12, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TIMOTHY D.,<br><br>  Plaintiff,<br><br>  v.<br><br>ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,[1]<br><br>  Defendant. | No. 2:18-CV-00304-JTR<br><br><br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 14, 15. Attorney Dana Chris Madsen represents Timothy D. (Plaintiff); Special Assistant United States Attorney Jeffrey R. McClain represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 4. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P. 25(d).

ORDER GRANTING DEFENDANT'S MOTION . . . . - 1

## JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits on December 31, 2015, alleging disability since May 29, 2010,[2] due to PTSD, major depressive disorder, adjustment disorder, acute social anxiety disorder, ADHD, COPD, umbilical hernia, tinnitus, left hand cramping, and difficulties with balance. Tr. 146-47. The application was denied initially and upon reconsideration. Tr. 191-93, 195-96. Administrative Law Judge (ALJ) Marie Palachuk held a hearing on May 24, 2017, Tr. 89-119, and issued an unfavorable decision on September 26, 2017, Tr. 16-32. Plaintiff requested review from the Appeals Council. Tr. 259, 349-54. The Appeals Council denied the request for review on July 30, 2018. Tr. 1-6. The ALJ's September 2017 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on September 27, 2018. ECF No. 1, 5.

## STATEMENT OF FACTS

Plaintiff was born in 1958 and was 57 years old as of his date last insured in 2015. Tr. 30. He has a high school diploma and an associate's degree in electronics from Spokane Community College. Tr. 101, 375. He worked for many years as an ATM repairman. Tr. 103, 385, 515. In 2010, he was dismissed from his job due to errors. *Id.* He reported an inability to continue working due to declining cognitive abilities. Tr. 386, 397, 407, 536. He applied for disability in 2011 and was denied by an ALJ in 2013. Tr. 123. He testified that since his prior application, his balance had gotten worse, and he continued to be limited by breathing problems, headaches, abdominal pain, hand cramping, and mental health difficulties. Tr. 103-09.

---

[2] Plaintiff later amended his alleged onset date to December 7, 2013, due to a prior unfavorable decision. Tr. 92.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant

from engaging in past relevant work. 20 C.F.R. § 404.1520(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 404.1520(a)(4)(v).

## ADMINISTRATIVE DECISION

On September 26, 2017, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity from the alleged onset date through the date last insured of December 31, 2015. Tr. 19.

At step two, the ALJ determined Plaintiff had the following severe impairments: major depressive disorder, generalized anxiety disorder, personality disorder, attention deficit hyperactive disorder, history of umbilical hernia, and mild obesity. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 19-23.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform work at the medium exertional level, with the following specific limitations:

> the claimant would be limited to occasional pushing and pulling with the left upper extremity, climbing of ladders, ropes, and scaffolds, and handling and fingering with the left non-dominant hand. The claimant could frequently balance, stoop, kneel, crouch, and crawl. The claimant would be able to understand, remember, and carryout both simple routine tasks and semiskilled tasks and could maintain

attention and concentration for two hour intervals between regularly scheduled breaks throughout a regularly scheduled workday and workweek. The claimant should have no public interaction and only superficial interaction with co-workers (i.e. non-collaborative and no tandem tasks). The claimant should be working independently, working with things rather than people, and should not have to be in crowds.

Tr. 23.

At step four, the ALJ found Plaintiff was unable to perform his past relevant work as an automatic teller machine servicer. Tr. 30.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff was capable of performing, including the jobs of industrial cleaner and merchant patroller. Tr. 30-31.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date last insured of December 31, 2015. Tr. 32.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly discrediting Plaintiff's symptom testimony; and (2) improperly evaluating the medical opinion evidence.

## DISCUSSION

**1. Plaintiff's symptom statements**

Plaintiff alleges the ALJ erred in rejecting his symptom testimony without providing adequate reasons. ECF No. 14 at 14-15. Specifically, Plaintiff argues the ALJ improperly discounted his testimony because of his daily activities, which

did not indicate an ability to work and were not inconsistent with his claims of disability. *Id.*

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting a claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, she found Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms to not be entirely consistent with the medical evidence and other evidence in the record. Tr. 25. The ALJ found the objective medical evidence did not fully support the level of physical and mental limitation claimed, and noted Plaintiff's refusal to follow doctor-recommended treatment. Tr. 25-28.

Unexplained or inadequately explained reasons for failing to seek medical treatment or follow treatment recommendations can cast doubt on a claimant's subjective complaints. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The ALJ noted that Plaintiff "consistently refused medications to treat his depression and failed to follow through with several referrals for counseling." Tr. 28. The record reflects a number of instances where Plaintiff declined medications (Tr. 441, 452, 454), took himself off medications (Tr. 484), declined physical therapy (Tr. 454), and failed to follow through with referrals to other providers (Tr. 460, 525). While the record occasionally reflects Plaintiff's belief that various

treatments would not help or had not been helpful in the past (Tr. 112, 417, 434, 437, 475), it also indicates providers' opinions that engagement in treatment and medication management would help reduce symptoms (Tr. 305, 436, 446, 457, 519, 542), along with Plaintiff's own reports that treatment did reduce symptoms at times (Tr. 111-12, 408, 416, 433, 441, 444, 485, 488, 516, 525, 537).

Plaintiff did not address the ALJ's stated rationale in his opening brief. ECF No. 14 at 14-15. He argues for the first time in his reply brief that the record does not reflect a refusal of treatment recommendations, but rather his discussion of side effects of medications and his belief that physical therapy would not help, and that he eventually accepted the referral at a later visit. ECF No. 16 at 3-4 (citing Tr. 454, 457). Plaintiff simply offers an alternative interpretation of the record. The ALJ's interpretation of the record is also reasonable. "If the evidence can reasonably support either affirming or reversing a decision, we may not substitute our judgment for that of the Commissioner." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

Although it cannot serve as the sole ground for rejecting a claimant's symptom statements, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ appropriately considered the lack of supporting objective evidence in the file, in considering the severity of both Plaintiff's mental and physical impairments. Tr. 25-28. The ALJ's interpretation of the record is supported by substantial evidence.

**2.     Opinion evidence**

Plaintiff alleges the ALJ improperly weighed the opinion evidence. ECF No. 14 at 15-18. Specifically, he alleges the ALJ did not afford enough weight to the opinions from Drs. Islam-Zwart and Genthe, giving undue weight to non-treating doctors' opinions over those of the examining sources. Plaintiff also argues the ALJ failed to consider parts of the non-examining doctors' opinions. *Id.*

a. Examining doctors Islam-Zwart and Genthe

Plaintiff argues the ALJ gave insufficient reasons for rejecting the opinions from the examining doctors, Dr. Islam-Zwart and Dr. Genthe, and improperly relied on the non-examining opinions instead. ECF No. 14 at 16-18.[3]

When an examining physician's opinion is contradicted by another physician, the ALJ is required to provide "specific and legitimate reasons" to reject the opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

Plaintiff underwent multiple psychological exams with doctors from the Washington Department of Social and Health Services. In 2015, he was examined by Dr. Islam-Zwart, who concluded his diagnoses included major depressive disorder, PTSD, ADHD, and personality disorder. Tr. 410. She opined he had numerous moderate and marked limitations in his functional abilities, and that his "presentation is such that he is unable to work at this time and his prognosis for the

---

[3] Plaintiff also asserts in passing that the ALJ improperly discounted the findings of Dr. Debra Brown and Dr. John Arnold by relying on the nonexamining sources. Tr. 18. Plaintiff has failed to identify any specific error on the part of the ALJ with respect to these opinions. The Court will not "manufacture arguments for an appellant" and therefore will not consider claims that were not actually argued in the opening brief. *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). The Court notes that the opinions from Dr. Brown and Dr. Arnold are not discussed in the ALJ's decision, and pre-date the relevant period in this claim. Tr. 375-82 (Dr. Arnold's 2011 opinion); Tr. 396-401 (Dr. Brown's April 2013 opinion).

future seems poor." Tr. 405, 411.  In 2016, Plaintiff was examined by Dr. Genthe, who offered similar diagnoses and rated Plaintiff's work-related functional abilities as mild to moderately impaired.  Tr. 517-18.

The ALJ assigned little weight to each of these opinions, noting them to be one-time exams, inconsistent with the longitudinal record, and contradicted by Dr. Winfrey, the medical expert at the hearing.  Tr. 28-29.  The ALJ also noted Dr. Genthe's remark that Plaintiff may have exaggerated the severity of his symptoms.  Tr. 29.

Plaintiff argues the ALJ improperly rejected the opinions, and asserts Plaintiff's performance on exam would be a factor each of the examining doctors would have considered.  ECF No. 14 at 16-17.  Plaintiff fails to address the ALJ's other stated rationales.  The consistency of a medical opinion with the record as a whole is a relevant factor for an ALJ to consider.  20 C.F.R. § 404.1527(c)(4).  The ALJ found the consultative exams to be unsupported by the longitudinal evidence, offering a summary of the available records and identifying conflicting findings.  Furthermore, while the opinion of "a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion [of] an examining physician," *Lester*, 81 F.3d at 831, it can be a factor in the ALJ's rationale.  *Morgan v. Comm'r of Social Sec. Admin*, 169 F.3d 595, 602 (9th Cir. 1999).  A non-examining physician's opinion may amount to substantial evidence as long as it is consistent with other independent evidence in the record.  *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).  The ALJ relied on Dr. Winfrey's opinion, which was based on a review of the entire record, including Dr. Islam-Zwart and Dr. Genthe's opinions.

Because the ALJ offered specific and legitimate reasons for disregarding the opinions of the examining doctors, the Court finds no error.

    b.  State agency opinions

Plaintiff argues the ALJ's discussion of the state agency opinions fails to consider the portion that indicated Plaintiff was limited to occasional use of his left upper extremity. ECF No. 14 at 18. As Defendant points out, the ALJ incorporated the recommended limitations in the RFC. Tr. 23, 153-54, 168-69. As the ALJ adopted all assessed limitations, any failure to include the limits in her summary of the opinions is irrelevant. There is no error.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision should be affirmed. Therefore, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED November 12, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE